## THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,     )
                                      )
        v.                     )
                                      )     I.D. No. 75060892DI
AMIR, FATIR f/k/a           )
STERLING HOBBS         )
                                      )
        Defendant.     )

Date Submitted: August 14, 2024
Date Decided: August 20, 2024

*Upon the Motion for Postconviction Relief of Defendant Amir Fatir f/k/a Sterling Hobbs*
**SUMMARILY DISMISSED.**

## ORDER

Amir Fatir f/k/a Sterling Hobbs, James T. Vaughn Correctional Center, 1181 Paddock Road, Smyrna, Delaware, 19977, *pro se,* Defendant.

Andrew Vella, Esquire, Chief of Appeals, Department of Justice, 820 North French Street, Wilmington, Delaware 19801, Attorney for State of Delaware.

**WHARTON, J.**

This 20th day of August, 2024, upon consideration of the Motion for Postconviction Relief,[1] filed by Amir Fatir f/k/a Sterling Hobbs ("Fatir"), and the record in this case, it appears to the Court that:

1. Fatir moves for postconviction relief. Before addressing the merits of a defendant's motion for postconviction relief, the Court must first apply the procedural bars of Superior Court Criminal Rule 61(i).[2] If a procedural bar exists, then the Court will not consider the merits of the postconviction claim.[3]

2. Under Delaware Superior Court Rules of Criminal Procedure, a motion for postconviction relief can be barred for time limitations, successive motions, procedural default, or former adjudication.[4] A motion exceeds time limitations if it is filed more than one year after the conviction becomes final, or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right was first recognized by the Supreme Court of Delaware or the United States Supreme Court.[5] A second or subsequent motion is considered successive and therefore barred and subject to summary dismissal unless the movant was convicted after a trial and "pleads with particularity that new evidence exists that the movant is actually innocent" or "pleads with particularity a claim that a new rule of constitutional law, made retroactive to

---

[1] D.I. 304.
[2] *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
[3] *Id.*
[4] Super. Ct. Crim. R, 61(i).
[5] Super. Ct. Crim. R. 61(i)(1).

cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction … invalid."[6] Grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred as procedurally defaulted unless the movant can show "cause for relief" and "prejudice from [the] violation."[7] Grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a post-conviction proceeding, or in a federal habeas corpus hearing" are barred.[8]

3. The bars to relief do not apply either to a claim that the court lacked jurisdiction or to a claim that pleads with particularity that new evidence exists that creates a strong inference of actual innocence,[9] or that a new retroactively applied rule of constitutional law renders the conviction invalid.[10]

4. This Motion, at least Fatir's seventh and likely his eighth, raises a single ground for relief. In an attempt to avoid the multiple otherwise applicable bars to relief, he alleges that Delaware had no jurisdiction to try him because, he claims, without citation, the site of his crimes - Ridge Liquor Store - is 12.3 miles from "the

---

[6] Super. Ct. Crim. R. 61(i)(2); Super. Ct. Crim. R. 61(d)(2).
[7] Super. Ct. Crim. R. 61(i)(3).
[8] Super. Ct. Crim. R. 61(i)(4).
[9] Super. Ct. Crim. R. 61(i)(5).
[10] Super. Ct. Crim. R. 61(d)(2)(i) and (ii).

3

Old New Castle steeple," placing it in Pennsylvania and not in Delaware, since the boundary line between Delaware and Pennsylvania is 12 miles from New Castle.[11] He states, also without citation, "[t]he boundary markers have moved or disappeared over the years since the survey was conducted and since Delaware and Pennsylvania ratified the boundary separating them. When a boundary dispute exists that dispute must be resolved by mathematical measuring."[12] Apart from his *ipse dixit,* Fatir offers nothing.

5. Summary dismissal is appropriate if it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the movant is not entitled to relief.[13] It is plain from the Motion and the record in this case that Fatir is not entitled to relief.

6. The Court previously commented on Fatir's "impressive audacity" in summarily dismissing his motion seeking relief "'from all judgments and orders against him for Rule 35 and Rule 61 motions and all civil actions filed including any and all rulings where any Delaware court ruled that anything he filed was either frivolous or malicious'" while also seeking to be relieved of "'any time bars for filing or refiling his cases.'"[14] But, as impressive as his audacity was in the wide ranging

---

[11] D.I. 304.
[12] *Id.*
[13] Super. Ct. Crim. R. 61(d)(5).
[14] *State v. Hobbs,* 2019 WL 1902607 at v*1 (Del. Super. Ct. Apr. 23, 2019) (*aff'd*

relief he sought in that application, the implications of granting this motion would be exponentially more consequential were the Court to agree with him that a .3 mile deep band along the arc of Delaware's northern border with Pennsylvania was actually in Pennsylvania. For example, the proprietors of Ridge Liquor Store, who had been conducting the business under a Delaware liquor license for more than a half century, no doubt would be shocked to learn they had been doing so illegally. Instead, it should have been operated as a Pennsylvania state liquor store. Any other businesses wrongly thought to be in Delaware should have been collecting Pennsylvania sales taxes and obtaining Pennsylvania business licenses. Residents in the affected area were sending their children to the wrong schools, paying taxes to the wrong governments, and voting in the wrong elections. All of these things would have been happening without anyone taking notice and seeking to correct them. Of course, all of these hypothetical scenarios are absurd because there is no "boundary dispute" between Delaware and Pennsylvania.

7. Although the story of Delaware's unique arced boundary with Pennsylvania is interesting history, this Order is not the place for a lengthy exegesis on the subject. It is sufficient to note that the 12-mile circular boundary originated in 1681 when the English King Charles II granted William Penn land north of a 12-

*sub nom. Fatir v. State,* 2019 WL 5295397 (Del. Oct. 17, 2019)).

mile circle centered in New Castle.[15]  The first survey of the arc was laid out by surveyors Isaac Taylor of West Chester County and Thomas Pierson of New Castle County in 1701.[16]  Unfortunately, the survey was difficult, resulting in the arc being a compound curve with several different radii.[17]  W.C. Hodgkins of the Office of the U.S. Coast and Geodetic Survey was contracted to survey and place monuments along the Delaware – Pennsylvania boundary in 1892, before the adoption of the Delaware Constitution of 1897.[18]  Hodgkins marked the 12-mile arc every half mile.[19]  Including the initial point at the Delaware-Maryland-Pennsylvania Top of the Wedge location, and the terminal point, there are 46 monuments.[20]  *Contra* Fatir, the monuments survive to this day as part of a national historic district added to the National Register of Historic Places in 1975.[21]

8.      Accordingly, the Court concludes that Delaware properly exercised its geographic jurisdiction over the charges for which Fatir was convicted and that Fatir

---

[15] William S. Shenk, *Delaware's State Boundaries,* at 1, Delaware Geological Survey, © 2007, http://www.dgs.udel.edu/sites/default/files/publications/info6.pdf.
[16] *Id.*
[17] *Id.*
[18] *Id.* at 2.
[19] *Id.*
[20] *Id.*
[21] Edward F. Heite (October 30, 1974) "National Register of Historic Places Inventory/Nomination: Delaware Boundary Markers." National Register of Historic Places Reference No. 75002101, United States Department of the Interior National Park Service.

simply is wrong that Ridge Liquor Store is in Pennsylvania.

**THEREFORE,** Amir Fatir f/k/a/ Sterling Hobbs' Motion for Postconviction

Relief is **SUMMARILY DISMISDSED**.

**IT IS SO ORDERED.**

 /s/ Ferris W. Wharton
Ferris W. Wharton, J.